IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE #1, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DELAWARE COUNTY JUVENILE DETENTION CENTER, et al.,<br><br>Defendants. | Civil No. 21-1408 (RMB/AMD)<br>[D.I. 269] |
| J.M.,<br><br>Plaintiff,<br><br>v.<br><br>DELAWARE COUNTY, et al.,<br><br>Defendants. | Civil No. 22-1224 (RMB)<br>[D.I. 133] |
| W.C.,<br><br>Plaintiff,<br><br>v.<br><br>DELAWARE COUNTY, et al.,<br><br>Defendants. | Civil No. 22-1229 (RMB/AMD)<br>[D.I. 135] |

**ORDER**

This matter comes before the Court by way of motion of Gaetano D'Andrea, Esquire and M. Stewart Ryan, Esquire, of Laffey Bucci D'Andrea Reich & Ryan LLP (hereinafter, "Laffey Bucci"), counsel for Plaintiffs in the above-captioned matters, seeking to remove and disqualify Brian D. Kent, Esquire as counsel

for Plaintiffs on the basis that Mr. Kent is currently suspended from the practice of law before this Court. Mr. D'Andrea has filed a certificate of service indicating that a copy of this motion was served upon Mr. Kent at his address and/or email listed on the docket by USPS first-class mail and/or by email. No opposition to the motion has been filed by Defendants or Mr. Kent. The Court decides this matter pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below and for good cause shown, the motion is granted in part and dismissed without prejudice in part.

The Court sets forth only those facts relevant to the instant motion. The complaints in each of the above-captioned matters were filed by the Laffey Bucci firm and were signed by Mr. Kent. Plaintiffs in each matter are currently represented by Mr. D'Andrea, as well as Ragha Narasimhan, Esquire and M. Stewart Ryan, Esquire, who are also attorneys with the Laffey Bucci firm. On May 23, 2025, Mr. Kent was suspended from the practice of law for a period of three years by the Supreme Court of Pennsylvania. (Decl. of Gaetano D'Andrea in Supp. of Pl.'s Unopposed Mot. to Remove and Disqualify Brian D. Kent as Pl.'s Counsel of Record (hereinafter, "D'Andrea Decl.", p. 1, ¶ 3.) On July 30, 2025, reciprocal discipline was imposed on Mr. Kent in the United States District Court for the Eastern District of Pennsylvania. (*Id.* at p. 2, ¶ 4.) The Court notes that the Order of the Supreme Court of

Pennsylvania provides that the suspension is "for a period of three years, with one year to be served" and the remaining suspension period to be stayed, with Mr. Kent "placed on probation for two years," subject to certain conditions. (*Id.* at Ex. A.) The Order of the United States District Court for the Eastern District of Pennsylvania similarly provided that Mr. Kent is "suspended on consent from the practice of law for a period [of] three (3) years with one (1) year to be served" and the remaining suspension period stayed. (*Id.* at Ex. B.) At this time, there is nothing in the record to demonstrate that Mr. Kent has been reinstated to practice law in the Eastern District of Pennsylvania.[1]

Pursuant to Local Civil Rule 5.1(b), "[a]n attorney's appearance may not be withdrawn except by leave of court, unless another attorney admitted to practice in this court shall at the same time enter an appearance for the same party, or another attorney admitted to practice in this court had previously entered an appearance for the same party and continues to represent that party in the matter." E.D. Pa. Local Civil Rule 5.1(b). The Court finds it appropriate to terminate Mr. Kent's appearance as

---

[1] Pursuant to E.D. Pa. Local Civil Rule 83.6(VII), "[a]n attorney suspended for more than three months or disbarred may not resume practice until reinstated by order of this court." The Court takes judicial notice of the docket in *In the Matter of: Brian Dooley Kent*, No. 25-mc-0032 (E.D. Pa.), and notes that no order of reinstatement has been filed. Moreover, Mr. Kent has not responded to the instant motion to advise that he has been reinstated to practice law in the Eastern District of Pennsylvania.

counsel for Plaintiffs in the above-captioned matters at this time given that he is currently suspended from the practice of law before this Court. Plaintiffs will continue to be represented by attorneys from the Laffey Bucci firm, and the Court finds that the removal of Mr. Kent as Plaintiffs' counsel will not prejudice Plaintiffs or delay the resolution of these matters.[2] The motion to remove Mr. Kent as counsel for Plaintiffs is therefore granted, without prejudice to Mr. Kent's ability to seek to enter an appearance at such time as he is reinstated to practice law in the Eastern District of Pennsylvania.

Plaintiffs' request to disqualify Mr. Kent, however, is dismissed without prejudice. "[T]he court should disqualify an attorney only when it determines, on the facts of the particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule. It should consider the ends that the disciplinary rule is designed to serve and any countervailing policies, such as permitting a litigant to retain the counsel of his choice and enabling attorneys to practice without excessive restrictions." *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980). In light of the Court's finding that removal of Mr. Kent as counsel is appropriate, the Court need not address the

---

[2] Indeed, Mr. D'Andrea represents that Mr. Kent has not participated in these cases on Plaintiffs' behalf since the effective date of his suspension in 2025. (D'Andrea Decl. at p. 3, ¶ 13.)

disqualification request. Accordingly, the Court directs the Clerk to terminate Mr. Kent's appearance as counsel for Plaintiffs at this time and dismisses the request for disqualification.

CONSEQUENTLY, for the reasons set forth above and for good cause shown:

IT IS on this **18th** day of **June 2026**,

**ORDERED** that the motion of the Laffey Bucci firm to remove and disqualify Brian Kent, Esq. as counsel for Plaintiffs in each of the above-captioned matters shall be, and is hereby, **GRANTED** in part and **DISMISSED WITHOUT PREJUDICE** in part; and it is further

**ORDERED** that the Clerk of the Court shall terminate Mr. Kent's appearance as counsel of record for Plaintiffs in each of the above-captioned matters; and it is further

**ORDERED** that the request to disqualify Mr. Kent as counsel is dismissed without prejudice.

s/ Ann Marie Donio
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Renée Marie Bumb